IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 3:21-619 |
| | ) | |
| | ) | 18 U.S.C. § 1343 |
| vs. | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| SAMUEL STURKIE JACKSON, JR. | ) | INFORMATION |

THE UNITED STATES ATTORNEY CHARGES:

1. Beginning sometime after April 2016, and continuing until in or about January 2019 in the District of South Carolina and elsewhere, the Defendant, SAMUEL STURKIE JACKSON, JR., did knowingly devise a scheme and artifice to defraud and to obtain monies by means of false and fraudulent pretenses, representations, and promises, and during such period, in the course of executing said scheme and artifice, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain electronic signals, such scheme and artifice and such wire communications being more fully set forth below.

THE SCHEME AND ARTIFICE

2. It was a part of the scheme and artifice to defraud that SAMUEL STURKIE JACKSON, JR. came to work for Frank Shumpert as an employee in Shumpert's automated teller machine ("ATM") business "Little Giant ATM." To keep its ATM machines stocked with cash, Little Giant ATM solicited investments and promised monthly interest payments to its investors.

3. It was a part of the scheme and artifice that Shumpert stepped away from the business and allowed SAMUEL STURKIE JACKSON, JR. to solicit investments, make interest

payments, and make operational decisions for Little Giant ATM.

4. It was part of the scheme and artifice to defraud that SAMUEL STURKIE JACKSON, JR., while making operational decisions for Little Giant ATM, converted investor deposits to his own use.

5. It was part of the scheme and artifice to defraud that SAMUEL STURKIE JACKSON, JR., while making operational decisions for Little Giant ATM, created a personal bank account that he opened and funded principally with Little Giant ATM investor deposits. SAMUEL STURKIE JACKSON, JR. represented to investors that their deposits would be invested and generate monthly interest payments. However, SAMUEL STURKIE JACKSON, JR. used the deposits to fund his own personal expenses.

6. It was part of the scheme and artifice to defraud that SAMUEL STURKIE JACKSON, JR. succeeded, through fraud and deceit, in obtaining money and property from Little Giant ATM investors.

## COUNT 1

6. The allegations of paragraphs 1 through 6 of this Information are alleged herein as setting forth a scheme and artifice to defraud.

7. On each of the dates reflected below, in the District of South Carolina and elsewhere, SAMUEL STURKIE JACKSON, JR., for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as described above, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals, writings, and sounds, a financial transaction as further set forth below:

| Count | Check No. | Deposit Date | Description | Amount |
|---|---|---|---|---|
| 1 | 134 | 10/5/2018 | Payment from Investor A's Discover Checking Account to SAMUEL STURKIE JACKSON, JR.'s Founders Federal Credit Union Checking Account | $100,000.00 |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE

WIRE FRAUD:

Upon conviction of violating Title 18, United States Code, Section 1343, as charged in the Information, the Defendant, SAMUEL STURKIE JACKSON, JR., shall forfeit to the United States any property, real or personal, which constitutes, is traceable, or is derived from proceeds traceable to such property.

PROPERTY:

The property subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), includes, but is not limited to, the following:

Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in Count 1 of the Information in United States currency, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to his violations of 18 U.S.C. § 1343.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant --

    A. Cannot be located upon the exercise of due diligence;
    B. Has been transferred or sold to, or deposited with, a third person;
    C. Has been placed beyond the jurisdiction of the court;
    D. Has been substantially diminished in value; or
    E. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).


_____
M. RHETT DEHART
ACTING U.S. ATTORNEY (BBA)